UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RONALD SCHMALFELDT,

       Plaintiff,                                   Case No. 4:06-cv-98

v.                                                 HON. JANET T. NEFF

JASON ROE,

       Defendant.
_____/


**OPINION**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 and § 1988 seeking damages for alleged violations of the Fourth Amendment protection against unreasonable searches and seizures and for violations of his Fourteenth Amendment right of due process of law. Plaintiff contends that defendant Jason Roe, a Coloma, Michigan police officer, used excessive force in arresting plaintiff when defendant shot plaintiff with a high voltage Taser. Pending before the Court is Defendant's Motion for Summary Judgment. Plaintiff filed a response in opposition to the motion, and defendant filed a reply. Pursuant to W.D. Mich. LCivR 7.2(d), the motion for summary judgment is decided without oral argument. For the reasons that follow, the motion is denied.

A moving party is entitled to a grant of its motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). The court must consider the evidence and all reasonable inferences in favor of the nonmoving party. *Slusher v.*

*Carson,* 540 F.3d 449, 453 (6th Cir. 2008); *Hamilton v. Starcom Mediavest Group, Inc.,* 522 F.3d 623, 627 (6th Cir. 2008).  The initial burden is on the moving party to show that there is no dispute regarding any genuine issue of material fact.  *Slusher,* 540 F.3d at 453.  "Once the moving party supports its motion for summary judgment, the opposing party must go beyond the contents of its pleadings to set forth specific facts that indicate the existence of an issue to be litigated." *Id.* (citing FED. R. CIV. P. 56(e)).  The ultimate inquiry is "whether the state of the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Plaintiff's claim of excessive force stems from an incident on August 24, 2004, when defendant and three other police officers responded to a dispatch concerning a possible domestic dispute at plaintiff's residence and subsequently arrested plaintiff.  Although the underlying facts are in dispute, the general course of events is not disputed.[1]  When the police officers entered plaintiff's residence, they spoke with plaintiff and his girlfriend, who had been arguing.  Both plaintiff and his girlfriend had apparent physical injuries. Plaintiff appeared to be highly intoxicated. Defendant decided to arrest plaintiff, who was seated at the dining room table.  When plaintiff failed to respond to defendant's instructions during the course of the arrest, defendant deployed his Taser weapon, and plaintiff fell to the floor.  When plaintiff failed to comply with defendant's further instructions to roll over on his stomach and place his hands behind his back, defendant deployed the Taser a second time, incapacitating plaintiff, whereupon plaintiff was handcuffed and taken into custody.

---

[1] The facts are related herein for purposes of the decision on the motion for summary judgment and are not intended as determinative of any factual disputes in this case.

To succeed on his § 1983 claim, plaintiff must establish that a constitutional violation has occurred and that defendant is not entitled to qualified immunity. *See Slusher,* 540 F.3d at 453. Police officers are entitled to qualified immunity unless "(1) the facts alleged show that the police violated a constitutional right; and (2) the right was clearly established." *Jones,* 521 F.3d at 559 (citing *Saucier v. Katz,* 533 U.S. 194, 201 (2001)). "Thus, '[t]he threshold inquiry a court must undertake in a qualified immunity analysis is whether plaintiff's allegations, if true, establish a constitutional violation.'" *Cummings v. City of Akron,* 418 F.3d 676, 685 (6th Cir. 2005) (quoting *Hope v. Pelzer,* 536 U.S. 730, 736 (2002)).

"'[*A*]ll claims that law enforcement officers have used excessive force ... in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach.'" *Slusher,* 540 F.3d at 454 (quoting *Graham v. Connor,* 490 U.S. 386, 395 (1989)) (emphasis in original); *see also Jones,* 521 F.3d at 559. In determining whether the force used in making an arrest is "reasonable," the court must apply an "objective reasonableness" standard that does not include the underlying intent or motivation of the officer. *Slusher,* 540 F.3d at 455.

Defendant argues that he is entitled to summary judgment because plaintiff cannot show that defendant used excessive force and because defendant is entitled to qualified immunity. Defendant also contends that plaintiff's constitutional claims are barred under the holding in *Heck v. Humphrey,* 512 U.S. 477 (1994), because plaintiff pled guilty to Attempted Resisting and Obstructing a Police Officer and that conviction has not been invalidated.

Plaintiff responds that defendant's use of the Taser, when plaintiff was cornered by three officers and had nowhere to go, was objectively unreasonable. Further, plaintiff argues that a jury

3

could find that plaintiff's "attempted resistance" to arrest was passive, non-threatening, and did not justify the repeated Taser blasts. Plaintiff argues that defendant is not entitled to qualified immunity at this point in the case. With regard to the *Heck* doctrine, plaintiff asserts that because his claims do not necessarily imply the invalidity of his Attempted Resisting and Obstruction conviction, his claims are not barred.

As an initial matter, the Court finds no bar to plaintiff's suit under *Heck* on the present record. "*Heck* bars § 1983 plaintiffs from advancing claims that, if successful, 'would necessarily imply the invalidity' of a prior conviction or sentence. However, if 'the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.'" *Cummings,* 418 F.3d at 682 (quoting *Heck,* 512 U.S. at 487) (emphasis in original). The claims advanced by plaintiff do not necessarily implicate the invalidity of plaintiff's prior conviction for Attempted Resisting and Obstructing a Police Officer. Whether defendant used excessive force in the course of taking plaintiff into custody is an independent question from whether plaintiff at some point, in some way, attempted to resist and obstruct a police officer. The Court is not persuaded that plaintiff's claim is barred based on the arguments presented.

With regard to plaintiff's excessive force claim, considering the evidence and all reasonable inferences in favor of plaintiff, *Slusher,* 540 F.3d at 453, the Court concludes that genuine issues of material fact preclude summary judgment. The ultimate inquiry in an excessive force claim is whether the seizure was reasonable under the totality of the circumstances. *Id.* at 455. Relevant factors include, but are not limited to: the severity of the crime involved, whether the plaintiff posed

an immediate threat to the safety of the officer or others, and whether the plaintiff was actively resisting arrest or attempting to evade arrest by fleeing. *Id.*

Whether the use of force, in this case—repeated use of the Taser—was objectively reasonable, and hence a violation of plaintiff's Fourth Amendment rights hinges on disputed circumstances surrounding plaintiff's arrest. The parties directly dispute the import of testimony and other evidence bearing on whether the plaintiff posed an immediate threat to the safety of the officer or others at the time and whether plaintiff was actively resisting arrest. *See Slusher,* 540 F.3d at 455. Under plaintiff's version of the facts, he called the police because he wanted his girlfriend removed from the house and because she gets very violent and he did not want to fight with her anymore (Pl's. Dep. 96). He was getting agitated with the officers because he wanted them to remove his girlfriend before something happened and he ended up being arrested (*id.*). Just before he was arrested, plaintiff was sitting at the dining room table, eating dinner, drinking a bottle of beer and smoking a cigarette (Pl's. Dep. 97; Def's. Dep. 22). Plaintiff points out that he was not armed, did not use any of the eating implements as weapons, and did not use the beer bottle as a weapon (Pl's. Br. 6; Def's. Dep. 23-24). Further, he had his back to the corner of the dining room and was faced by three officers (Pl's. Br. 6-7; Def's. Dep. 24-27). When defendant told him to stand up and place his hands behind his head, plaintiff continued to sit because he was eating and did not know what was going on (Pl's. Br. 7; Pl's. Dep. 100). He stood up and questioned why he was being arrested since he was the one who was injured in the dispute with his girlfriend (Pl's. Br. 7; Pl's. Dep. 101). When he stood up, plaintiff shot him with the Taser (Pl's. Br. 7; Pl's. Dep. 102). Plaintiff tensed up, and fell to the floor (Pl's. Br. 7; Def's. Dep. 30-31). The police told defendant

to roll over (Pl's. Br. 7; Pl's. Dep. 106-107). He did not know whether he could roll over (Pl's. Dep. 107). Defendant then shot him again with the Taser, rolled plaintiff over and handcuffed him (*id.*).

Although defendant has a much different view of the evidence, the facts are not so one-sided that they warrant a determination as a matter of law. *See Slusher,* 540 F.3d at 453. In deciding a motion for summary judgment, the court must refrain from making credibility determinations or weighing the evidence. *Anderson,* 477 U.S. 242 at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . ." in ruling on a motion for summary judgment. *Id.* Whether the force used to take plaintiff into custody was objectively reasonable under the totality of the circumstances requires a resolution of the disputed facts. This resolution depends in large part on matters of credibility and the weight accorded the evidence. Summary judgment is therefore improper.

Likewise, the Court concludes that the issue of qualified immunity cannot be determined as a matter of law. As discussed above, genuine issues of material fact exist concerning whether the force used in this case was "objectively reasonable." Even allowing for the fact that police officers are required to make split-second judgments in circumstances that are tense, uncertain, and rapidly evolving, *Graham,* 490 U.S. at 397, the facts of this case involve too close a call to decide the ultimate question of a constitutional violation as a matter of law. Defendant is not entitled to summary judgment under the first prong of the qualified immunity analysis.

Citing *Saucier,* 533 U.S. at 205, defendant further argues that even if a constitutional violation occurred, he is nevertheless entitled to qualified immunity if he could have reasonably but mistakenly believed that his conduct did not violate a clearly established right. However, for the

6

same reasons discussed above, the disputed factual circumstances underlying defendant's repeated use of the Taser preclude resolving this question as a matter of law.

      Given the evidence before the Court, defendant's motion for summary judgment is denied. An order consistent with this opinion will be entered.


DATED: October 23, 2008                    /s/ Janet T. Neff
                                                JANET T. NEFF
                                                United States District Judge