UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD SCHMALFELDT,

       Plaintiff,                              Case No. 4:06-cv-98

v.                                                   HON. JANET T. NEFF

JASON ROE,

       Defendant.
_____/

## OPINION

Pending before the Court is Plaintiff's Motion for New Trial (Dkts 77, 86).[1] Defendant has filed a response (Dkts 79, 87). For the reasons that follow, the Motion is properly denied.

Plaintiff filed this action against Defendant Jason Roe, a Coloma, Michigan police officer, alleging that Defendant used excessive force in arresting Plaintiff when Defendant shot Plaintiff with a high voltage Taser. Plaintiff sought damages pursuant to 42 U.S.C. § 1983 and § 1988 for alleged violations of the Fourth Amendment protection against unreasonable searches and seizures and for violations of his Fourteenth Amendment right of due process of law. The Court denied Defendant's Motion for Summary Judgment, and the case was tried before a jury over three days in January 2012. The jury returned a verdict in favor of Defendant, finding that he did not use excessive force.

Plaintiff seeks a new trial on three grounds: (1) the verdict was contrary to the manifest weight of the evidence; (2) the verdict was the product of passion and prejudice engendered by

---

[1]The Court granted Plaintiff's request to delay filing his motion brief until after the trial transcript was prepared, and permitted Defendant to file an additional response (Dkts 86, 87).

defense counsel's inflammatory closing argument; and (3) Plaintiff's counsel's closing argument Power-Point display was not displayed on the courtroom or jury monitor screens. Plaintiff is not entitled to a new trial on any of these grounds.

## I. Legal Standard

The trial court may "grant a new trial on all or some of the issues … after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a)(1)(A). Under this standard, "a new trial is warranted when a jury has reached a 'seriously erroneous result' as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias." *Holmes v. City of Massillon, Ohio,* 78 F.3d 1041, 1045-46 (6th Cir. 1996) (citations omitted); *accord Mike's Train House, Inc. v. Lionel, L.L.C.,* 472 F.3d 398, 405 (6th Cir. 2006).

Unlike motions for a judgment as a matter of law, in ruling on a motion for new trial, the trial court must weigh the evidence and compare the opposing proofs. *McCombs v. Meijer, Inc.,* 395 F.3d 346, 352 (6th Cir. 2005); *Woodbridge v. Dahlberg,* 954 F.2d 1231, 1234 (6th Cir. 1992). Whether to grant a motion for new trial is within the broad discretion of the trial court. *Bell v. Johnson,* 404 F.3d 997, 1002-03 (6th Cir. 2005). "The Supreme Court has noted that 'the authority of trial judges to grant new trials' pursuant to Rule 59(a) 'is large.'" *Id.* at 1002 (quoting *Gasperini v. Ctr. for the Humanities, Inc.,* 518 U.S. 415, 433 (1996)). Nonetheless, the motion should be denied if the verdict is one that reasonably could have been reached, regardless whether different inferences and conclusions could have been drawn or other results are more reasonable. *Walker v. Bain,* 257 F.3d 660, 670 (6th Cir. 2001); *Woodbridge,* 954 F.2d at 1234.

II. Manifest Weight of the Evidence

Plaintiff does not meet the standard for a new trial based on the manifest weight of the evidence. Plaintiff argues:

> The Taser force was excessive. Defendant sought to justify his use of force when the plaintiff made no attempt to escape, reached for no weapon, was blocked by police from leaving the dining alcove, complied with the order to stand before he was shot with the Taser, and was shot a second time after he was knocked to the floor by the Taser. The Taser use did not comply with the Coloma Police Taser guidelines. The Taser was unnecessary to arrest the plaintiff. The Taser was unnecessary for the protection of the officers.

(Pl. Mot. ¶ 2).

Contrary to Plaintiff's argument, the jury's verdict that Defendant did not use excessive force is well supported by the testimony and other evidence at trial. Plaintiff's argument disregards the ample evidence of Plaintiff's repeated failure to comply with police commands, his own admitted defiance and aggressive response, and the potentially dangerous surrounding circumstances, as set forth in detail in Defendant's response and excerpts from the trial transcripts (*see* Def. Br., Dkt 87 at 3-9 & Ex. 1). The jury heard testimony from Defendant, Officer DeGroff, and Officer Langston, whose various testimony established that Plaintiff repeatedly failed to comply with the police commands and he resisted arrest, including that Plaintiff failed to stand up from the table or to place his hands behind his back when ordered to do so. Even Plaintiff testified that when he was told to stand up because he was under arrest, "I was kind of defiant …" (Def. Br., Ex. 1., Tr. I. at 118). Officer DeGroff testfied that when Officer Langston grabbed Plaintiff's left arm, Plaintiff buckled his right fist and began to pull it back (*id.*, Tr. II. at 213). Likewise, Officer Langston testified that Plaintiff "pulled away" when Langston reached for his arm and that Plaintiff became physically aggressive (*id.*, Tr. II. at 228)

3

There was also undisputed evidence that Plaintiff had been drinking alcohol and using cocaine prior to the incident; he had access to items that could be used as weapons (steak knife and a beer bottle); and that domestic violence calls are "[n]ear the top" in the realm of dangerousness of police calls because "they are very violent situations," "they can spark easily," and they "usually occur inside of a home" where there are "different types of weapons readily available" (*id.*, Tr. II. at 167). The testimony and evidence further established that the deployment of the Taser under the circumstances presented was in keeping with police department protocol to avoid a physical conflict.

The court must "set aside the verdict if it is of the opinion that the verdict is against the clear weight of the evidence." *Woodbridge,* 954 F.2d at 1234. Here, to the contrary, there was ample evidence to support the jury verdict, and it is one that could reasonably be reached. Accordingly, the motion must be denied. *See id.*

### III. Improper Closing Argument

Plaintiff also argues that "[t]he verdict was the product of passion and prejudice engendered by defense counsel's inflammatory final argument" (Pl. Mot. ¶ 3). To obtain a new trial on this ground, Plaintiff "must show both that the closing argument was improper and that [Plaintiff] was prejudiced by the impropriety, that is, that there is a reasonable probability that the jury's verdict was influenced by the improper argument." *Fuhr v. Sch. Dist. of City of Hazel Park,* 364 F.3d 753, 760 (6th Cir. 2004); *see also Lee v. Metro. Gov't of Nashville & Davidson Cnty.,* 432 F. App'x 435, 446 (6th Cir. Tenn. 2011). "Furthermore, where the party failed to object to the closing argument, [the court] places a more substantial burden of showing prejudice on the party seeking a new trial." *Lee,* 432 F. App'x at 446; *see also Fuhr*, 364 F.3d at 760 (citing *Strickland v. Owens Corning,* 142 F.3d 353, 358 (6th Cir. 1998)).

Plaintiff contends that in closing argument, defense counsel "made remarks that had no evidentiary basis and were clearly intended to inflame the passions of the jury," when he stated:

> MR. MORRIS: So I'm finished. I think you should find there is no excessive force in this case. You guys understand that police officers have difficult jobs out there. I could tell you stories because I do represent a lot of --
>
> * * *
>
> MR. MORRIS: Thank you. Again, police officers are faced with dangerous, very dangerous circumstances and have to make split second decisions. The annals of police records and histories are replete with officers getting killed.

(Pl. Br., Dkt 86 at 6; Tr. III at 306).

Plaintiff contends that "[t]here was never any evidence" at trial about the annals of police records and history; "there was absolutely no indication" that Plaintiff was armed or dangerous; and there was no need for Defendant to make split second decisions. Plaintiff asserts that it is clear that defense counsel's remarks inflamed and prejudiced the jury (Pl. Br., Dkt 86 at 7).

Plaintiff has not shown that the argument was improper. Although there was literally no evidence about the "annals of police history," as noted above, there was an evidentiary basis for counsel's argument based on the officers' testimony. Defendant testified at trial that he had been an officer for a little over ten and one-half years and that police officers generally, and he personally, placed domestic violence calls "[n]ear the top" in the realm of dangerousness of police calls because "they are very violent situations, "they can spark easily," and they "usually occur inside of a home" where there are "different types of weapons readily available" (Tr. II. at 167). Officer Langston testified that in his experience as a police officer, domestic disturbance dispatch calls rank "more than average" on the scale of dangerousness because: "Numerous officers are killed and injured every year during domestic violence situations" (*id.* at 224).

Furthermore, Plaintiff failed to object at trial to the now challenged argument, and thus to the extent that any of the argument was improper, Plaintiff has not met his high burden to show prejudice, i.e., that the verdict was influenced by the improper argument. As discussed above, there was ample evidence to support the jury verdict that Defendant did not use excessive force, and there is no indication that the verdict was the product of passion and prejudice rather than the evidence presented.

## IV. Power Point Display

Plaintiff argues that he is entitled to a new trial on the ground that the Power Point display prepared by his counsel to illustrate his final argument was not displayed on the courtroom or jury monitors. Plaintiff states that the Power Point included quotations and copies of the Coloma Taser rules and of medical records from the evidence, and at the time, Plaintiff's counsel did not realize that the jury was not seeing his Power Point. Plaintiff argues that the Power Point displays would have enhanced counsel's credibility and demonstrated that his argument was based on the evidence. Thus, the failure to display the Power Point rendered the trial unfair.

Plaintiff is not entitled to a new trial on this ground. Pursuant to this Court's Information and Guidelines for Civil Practice, Sec. X(H)(2), counsel is responsible for advance planning to use the courtroom equipment, in consultation with the Court's IT Department, and counsel is encouraged to inquire about training and practice sessions. Whether the lack of display was a result of counsel's failure to ensure proper functioning of the equipment or a lack of communication with the courtroom clerk or other malfunction, the Court finds no basis for a new trial.

Plaintiff's Power Point was not evidence. The jury was instructed that summaries, such as the Power Point, are not themselves evidence or proof of the facts[2] and the jury was further instructed to base its decision only on the evidence as defined[3] (Tr. III at 265-66). The evidence fully supported the jury's verdict. There is no indication, beyond Plaintiff's bare assertion, of any prejudice due to the lack of the visual display of Plaintiff's counsel's Power Point. Plaintiff is not entitled to a new trial.

V. Conclusion

Plaintiff has failed to establish any grounds warranting a new trial. Plaintiff motion for a new trial is denied.

An Order will be entered consistent with this Opinion.

DATED: June  6 , 2012         /s/ Janet T. Neff
                              JANET T. NEFF
                              United States District Judge

---

[2] "The only purpose of these summaries is to help explain the evidence. The summaries are not themselves evidence or proof of any facts." (Tr. III. at 283-84).

[3] "The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the depositions which were read into evidence or which you watched on the video screen, the stipulations that the lawyers agreed to, and the facts that I judicially noticed. Nothing else is evidence. The lawyers's [sic] statements and arguments are not evidence; their questions and objections are not evidence; and my legal rulings are not evidence; and my comments and questions are not evidence." (Tr. III at 266).